

**SO ORDERED.**

**SIGNED this 6th day of June, 2011**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Richard Stair Jr.
UNITED STATES BANKRUPTCY JUDGE

_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

KEVIN BRIAN GANDY

    Debtor

Case No.  11-30369

ELLIOTT J. SCHUCHARDT

    Plaintiff

v.

KEVIN BRIAN GANDY

    Defendant

Adv. No. 11-3059

**MEMORANDUM AND ORDER
ON MOTION FOR DEFAULT JUDGMENT AND
MOTION FOR LEAVE TO PARTICIPATE
IN HEARING BY MEANS OF TELEPHONE**

Before the court are the following motions filed by the Plaintiff:  (1) Motion for Default

Judgment filed on May 29, 2011, asking the court to grant him a default judgment against the

Defendant for failure to appear and respond to the Complaint filed on February 22, 2011; and (2) Motion for Leave to Participate in Hearing by Means of Telephone filed on June 4, 2011, asking the court for permission to attend the hearing telephonically on the Motion for Default Judgment scheduled for June 23, 2011. On June 2, 2011, the Defendant filed a Response to Motion for Default Judgment, arguing that he was not properly served with process because his attorney was not also served with the Summons and Complaint as required by the Federal Rules of Bankruptcy Procedure. The Plaintiff then filed a Reply to Defendant's Response to Motion for Default Judgment on June 3, 2011.

The Plaintiff filed his Complaint on February 22, 2011, and served the Defendant via mail on February 26, 2011, as established by the Certificate of Service filed with the returned Summons on February 26, 2011. *See also* SCHUCHARDT AFF at ¶ 3. The Plaintiff did not, however, serve the Defendant's attorney with the Summons and Complaint, relying instead on service through the court's electronic case filing system. SCHUCHARDT AFF. at ¶ 3. Pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure, the Plaintiff was required to serve the summons and the complaint upon the Defendant, which he did pursuant to Rule 7004(b), which allows service "by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or to such other address as the debtor may designate in a filed writing." FED. R. BANKR. P. 7004(b)(9). Additionally, "[i]f the debtor is represented by an attorney, whenever service is made upon the debtor under this Rule, service shall also be made upon the debtor's attorney by any means authorized under Rule 5(b) [of the Federal Rules of Civil Procedure]." FED. R. BANKR. P. 7004(g). Although Rule 5(b) authorizes service of process via electronic means, service by this method is on

2

the condition that "the person consented in writing." FED. R. CIV. P. 5(b)(2)(E). The Administrative Procedures for Electronic Case Filing for the Eastern District of Tennessee expressly provides that "[r]egistration as a Registered User constitutes . . . waiver of the right to service by personal service or first-class mail and consent to electronic service, *except* with regard to service of a summons and complaint under Fed. R. Bankr. P. 7004[.]" E.D. TENN. ADMIN. PROCS. at ¶ II.C.2 (emphasis added).

These Rules are unambiguous – service of a complaint and summons upon a debtor is insufficient unless both the debtor and his or her attorney are served via mail or other method set forth in Rule 7004, incorporating Rule 4 of the Federal Rules of Civil Procedure. *See Dreier v. Love (In re Love)*, 232 B.R. 373, 377 (Bankr. E.D. Tenn. 1999) ("Anything short of strict compliance . . . is insufficient[.]"); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) ("[T]he requirement of proper service of process 'is not some mindless technicality.'") (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)). Because the Plaintiff did not serve the Defendant's attorney with the Summons and Complaint in compliance with the Rules, the Defendant has not been served. The court does not have *in personam* jurisdiction over the Defendant.

For the foregoing reasons, the Motion for Default Judgment filed by the Plaintiff on May 29, 2011, is DENIED, and the hearing scheduled for June 23, 2011, is STRICKEN. Accordingly, the Motion for Leave to Participate in Hearing by Means of Telephone filed by the Plaintiff on June 4, 2011, being moot, is DENIED.

# # #